**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL NDIZEYE, | No. 25-764 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-01768-JES-KSC |
| v. | MEMORANDUM* |
| CITY OF SAN DIEGO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
James E. Simmons, Jr., District Judge, Presiding

Submitted April 22, 2026**

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Daniel Ndizeye appeals pro se from the district court's judgment dismissing

his action alleging federal claims arising from the infrastructure conditions in his

neighborhood. We have jurisdiction under 28 U.S.C. § 1291. We review for an

abuse of discretion a decision regarding judicial notice. *Khoja v. Orexigen*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). We affirm.

The district court did not abuse its discretion in denying Ndizeye's request to take judicial notice as moot because the adjudicative facts Ndizeye sought to notice were alleged in the complaint, which the district court took as true for purposes of screening the complaint. *See Khoja*, 899 F.3d at 999 (discussing what may be judicially noticed); *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014) (noting that at screening under 28 U.S.C. § 1915(a), a court "take[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor").

Because Ndizeye does not challenge in his opening brief the district court's grounds for dismissal of his action, we do not consider that decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (explaining that issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

All pending motions and requests are denied.

**AFFIRMED.**